Tilghman C. J.
A motion has been made for the allowance of a writ of error on behalf of Richard Smith, who is now under sentence of death on a conviction of murder of the first degree, in a Court of Oyer and Terminer for the *302 city and county of Philadelphia* In deciding* on this motion, the Court has to perform a painful duty. However strong may be our sense of the obligation to administer justice without favour or affection, and however great may be the guilt of the unhappy man, whose case is brought before us, we cannot without emotion reflect on the awful doom which awaits him. The writ which he asks is not a matter of course. If it were, the course of criminal justice would be greatly impeded. In every instance of capital punishment, the execution would be suspended, until the cause was decided by the Court of the last resort. For who would consent to die, while one spark of hope remained ? or who would not seek to prolong his life, though satisfied, that in law his case was hopeless ? To guard, therefore, against the evil consequences of indiscriminate delay, the same law which has vested this Court with the power of granting a writ of error, has imposed on it the duty of refusing it, unless sufficient cause be shewn. This appears by the act of 18th April, 1/91, sect. /. Let us consider then what cause has been shewn. Many errors have been assigned, all of which may be reduced to two heads. 1st. Error, or defect in the form of the precept and writs of venire facias. 2d. Defect, or imperfection in the return of those writs. Under the first head may be ranked the following exceptions. That the name of the president of the Court is omitted in the writs of venire facias, although not in the precept. That the precept is not directed to the commissioners of the county as well as to the sheriff. That the writs of venire facias are made returnable to the Court of Quarter Sessions, and not to the Court of Oyer and Terminer. The remaining exceptions fall under the second head. They are these : That the precept is not returned at all. That there is no return of the writs of venire facias, signed by the sheriff. That the return of the list of jurors is not signed by the sheriff. That it does not appear the jurors were drawn by the sheriff and county commissioners, as directed by law; nor does it appear that the jurors were of the county of Philadelphia. We have examined the record and find that a precept in good form was directed to the sheriff, in which was contained, among other things, a command to summon a grand and petty jury. Besides this, there were two writs of venire facias directed to the sheriff, commanding him to summon certain persons of his bailiwick *303 (naming them) to serve as grand and petty jurors. These _ writs are defective, being returnable to the Court of Quarter Sessions. Two panels were returned to the Court of Oyer and Terminer containing the names of the jurors mentioned in the writs of venire facias, under each of which panels is written as follows : — “ Summoned according to law, Thos. “ Elliott deputy sheriff.” It is not the intention of the Court to enter minutely into each of these errors, and pass an opinion on them. But some general remarks ai-e necessary. We are satisfied, that the two writs of venire facias were superfluous. The general precept which contained a clause of venire facias was sufficient; and it was the duty of the sheriff, on receiving that precept, to give notice thereof to the county commissioners, in conjunction with whom he was to draw the jurors, who were to be summoned to appear in Court, on the day mentioned in the precept. We are also satisfied, that the precept need not be directed to the commissioners. As to the return of the precept and writs of venire facias, although not formally made on the writs themselves, yet so far as concerns the jurors, there is what was intended for a return on a separate' paper, I mean, the writing signed by the deputy sheriff, under each of the panels of the jurors; so that it cannot with propriety be said, that there was no return, although without doubt it would have been better if the deputy had signed the name of his principal. Whether, if a challenge had been made in proper time, the array might have been quashed for this defect, we do not determine. But what weighs greatly with the Court is, that the errors assigned do not affect the merits of the case. The prisoner took no exception to the jury, but went to trial on the plea of not guilty. Now there is an act of assembly which cures all defects respecting process in cases of this kind. I allude to the act for remedying defects of process, (passed 21st February, 1814,) by-which it is enacted, that no verdict thereafter given should be set aside, nor any judgment arrested or reversed, nor sentence stayed, “ for any defect or error, in the “ precept issued for any Court, or in the venire issued for “summoning and returning of jurors, or for any defect or “ error in drawing, summoning, or returning any juror or panel “ of jurors; but a trial, or an agreement to try on the merits, or “ pleading guilty, or the general issue in any case, shall be a “ waver of all errors and defects, in, or relative, or appertain- *304 “ mg' to, the said precept, venire, drawing, summoning, and '“returning of jurors.” The words of this act are far more extensive than the English statute of 18th Eliz. ch. 14. on which an argument has been founded. By that statute judgment shall not be reversed by reason of any imperfect or insufficient return of any sheriff or other officer; and the cases cited by the prisoner’s counsel shew, that where there is no return, the case is not helped by the statute. But our act declares, that trial on the merits, is a waver of all errors and defects in, or relative to the return of the jury. Now surely the omission of the sheriff’s name to the return, is a defect relative to the return. The words are not to be strained ; but we must not refuse them their obvious meaning. We must not wonder that our law was carried further than the statute 18th Eliz. because on perusal of the English statute book, it will be found, that on experience of the defects of the statute just mentioned, it was found necessary to make a more extensive provision. By the statute of 21st Jac. ch. 13, it is enacted, that judgment shall not be reversed, for, that there is no return on any of the writs, so as a panel be returned and annexed thereto, or for, that the sheriff or other officer’s name is not set to the return of such writ, so as it appear by proof, that the writ was returned by him. It seems to have been the intent of our legislature, by different and more general expressions, to have gone the whole length of the English statutes. Upon the whole, it appears to us, that the provisions of the act of assembly cover all the defects which have been shewn as cause for granting a writ of error, and therefore, it cannot be granted without running counter to the law and establishing a dangerous precedent. Having-no doubt of the part we are bound to act, we have thought it best for the sake of the prisoner to give a prompt decision. A state of suspense might produce agitations of mind unfavourable to his present condition. It is the opinion of the Court, that a writ of error should not be allowed.